IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUN 20 2014

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

LEE BOYD MALVO,

    Petitioner,

v.                                            CIVIL ACTION NO. 2:13-cv-375

RANDALL MATHENA,
Chief Warden, Red Onion State Prison,

    Respondent.

*ORDER*

Before the Court are a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 7. In his petition, Malvo, by counsel, challenges the constitutionality of his sentence. He was convicted in 2003 by a jury in the Circuit Court for the City of Chesapeake[1] of: (1) capital murder in the commission of an act of terrorism, in violation of Va. Code § 18.2-31(13); (2) capital murder for killing more than one person within a three-year period, in violation of Va. Code § 18.2-31(8); and (3) using a firearm in the commission of a felony, in violation of Va. Code § 18.2-53.1. In March of 2004, the trial court sentenced Malvo to one term of life imprisonment and a $100,000 fine on each capital murder conviction, and three years of imprisonment on the firearm conviction, for a total sentence of incarceration of two terms of life imprisonment plus three years. Under Virginia law, because Malvo was sentenced to a term of incarceration for a felony offense committed after January 1, 1995, he is not eligible for parole. *See* Va. Code § 53.01-165.1. On June 25,

---

[1] The Petitioner was originally indicted in Fairfax Circuit Court, but after the trial court granted defense counsel's motion for a change of venue, the trial was conducted in the Circuit Court for the City of Chesapeake.

2013, Malvo filed the instant habeas petition, arguing that the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012) announced a new rule that is retroactive to his case, now before the Court on federal collateral review, just as he has in the companion case, *Malvo v. Mathena*, No. 2:13-cv-376. Specifically, Malvo argues that under *Miller*, the sentence of life imprisonment without parole for homicides he committed while he was under the age of eighteen violates the U.S. Constitution's Eighth Amendment's prohibition on cruel and unusual punishment.

The matter was referred for disposition to a United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. In a Report and Recommendation filed on April 3, 2014, the Magistrate Judge recommended the Respondent's motion to dismiss be granted, and the petition be denied and dismissed with prejudice as time-barred by the statute of limitations. ECF No. 19. Specifically, the Magistrate Judge found the rule announced in *Miller* was neither a substantive rule, nor a watershed rule of criminal procedure, and thus not applicable to cases on collateral review. Therefore, the Magistrate Judge recommended dismissal of the petition as time-barred by the Anti-terrorism and Effective Death Penalty Act of 1996's one-year statute of limitation. *See* 28 U.S.C. § 2244(d)(1)(C). The Magistrate Judge advised the parties of their right to file written objections to the Report and Recommendation.

On April 17, 2014, Malvo filed his objections to the Report and Recommendation, arguing first, that the rule in *Miller* is a new substantive rule, and second, that because the United States Supreme Court applied the new substantive rule to the companion petitioner, Kuntrell

2

Jackson, who was before the Court on collateral review, it must be retroactive to Malvo, who is also now before the Court on collateral review. ECF No. 20. On April 18, 2014, the Respondent filed his objections to the Report and Recommendation, objecting to the express rejection of the Respondent's argument that Malvo's challenge in this case is moot due to his convictions in Maryland and Spotsylvania County, Virginia, which he argued are "unassailable" under *Miller*. ECF No. 21.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the undersigned has reviewed *de novo* the Magistrate Judge's Report and Recommendation, and the parties' objections thereto. After review, the Court fully accepts the findings and recommendations of the Magistrate Judge, and accordingly, hereby **ADOPTS** and **APPROVES** the Report and Recommendation, ECF No. 19, in its entirety as the Court's own opinion. The objections by the Petitioner and the Respondent are **OVERRULED**. Therefore, the Respondent's Motion to Dismiss, ECF No. 7, is **GRANTED**. It is, therefore, **ORDERED** that the petition, ECF No. 1, is **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the statute of limitations. It is further **ORDERED** that judgment be entered in favor of the Respondent.

The Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of the Court at the Walter E. Hoffman United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date judgment is entered. Because a case that addresses this issue under *Miller* is currently pending and not yet set for oral argument in the United States Court of Appeals for the Fourth Circuit, *see Johnson v. Ponton*, No. 13-7824 (4th Cir.), and because there are some state courts that have decided the *Miller* issue in the alternative, the Petitioner has made

the substantial showing required for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b)(1), and therefore, the Court grants the certificate of appealability as to whether the new constitutional rule announced in *Miller* is retroactively applicable to cases on collateral review. *See* 28 U.S.C § 2253(c)(3); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).

The Clerk is **DIRECTED** to forward a copy of this Order to counsel of record for the Petitioner and the Respondent.

It is so **ORDERED**.

Norfolk, Virginia
June 20, 2014

/s/
Raymond A. Jackson
United States District Judge